IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § <br> § <br> V. § <br> § No. 3:21-cr-449-B (1) <br> BRANDON NEAL, § <br> § <br> Defendant. § | |

**MEMORANDUM OPINION AND ORDER OF DETENTION**

In an Order Accepting Report and Recommendation of the United States Magistrate Judge Concerning Plea of Guilty, dated July 20, 2022, United States District Judge Jane J. Boyle has referred this matter to the undersigned United States magistrate judge for a hearing to determine whether it has been clearly shown that there are exceptional circumstances under 18 U.S.C. § 3145(c) why Defendant Brandon Neal should not be detained under 18 U.S.C. § 3143(a)(2) and whether it has been shown by clear and convincing evidence that Defendant Brandon Neal is not likely to flee or pose a danger to any other person or the community if released under 18 U.S.C. § 3142(b) or (c). *See* Dkt. No. 68.

**Background**

Defendant is set for sentencing before Judge Boyle on October 6, 2022. *See* Dkt. No. 61. "[W]hether a defendant should be released pending trial and whether a defendant should be released pending sentencing or appeal are distinct inquiries

-1-

governed by different provisions of the Bail Reform Act." *United States v. Lee*, 31 F. App'x 151, No. 01-30876, 2001 WL 1747632, at *1 (5th Cir. Dec. 4, 2001).

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." FED. R. CRIM. P. 46(c). 18 U.S.C. § 3143(a)(2) dictates that the Court "shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless – (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

On December 15, 2021, the undersigned United States magistrate judge released Defendant subject to an Order Setting Conditions of Release. *See* Dkt. No. 15.

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." FED. R. CRIM. P. 46(c). 18 U.S.C. § 3143(a)(2) dictates that the Court "shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting

imposition or execution of sentence be detained unless – (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

Defendant filed a Motion to Continue Conditions of Release. *See* Dkt. No. 76.

The Court held a hearing on August 17, 2022 on the matters referred by Judge Boyle, at which Defendant appeared in person and through counsel and the government's counsel appeared.

## Legal Standards and Analysis

As a preliminary matter, Defendant is subject to mandatory detention under Section 3143(a)(2) because he has, on a guilty plea, now been adjudged guilty of a violation of 21 U.S.C. § 841. *See* Dkt. Nos. 60 & 68. That is "an offense in a case described in subparagraph (A) ... of subsection (f)(1) of section 3142," specifically, "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)."

Defendant therefore must be detained pursuant to 18 U.S.C. § 3143(a)(2) unless he meets the conditions of release set forth in Section 3143(a)(2) or 18 U.S.C. § 3145(c). Release of "a person who has been found guilty of an offense in a case described in [18 U.S.C. § 3142(f)(1)(A)] and is awaiting imposition or execution of sentence" requires that "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2)(B); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016) ("The decision to detain Jacqueline after conviction is a common one because of the presumption in favor of detention that attaches to a convicted defendant. *See* 18 U.S.C. § 3143."); *United States v. Lopez*, 504 F. App'x 297, 298 (5th Cir. 2012) ("A defendant who has been convicted 'shall ... be detained' pending sentencing 'unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released.' Thus, there is a presumption against release pending sentencing." (footnotes omitted)).

As the United States Court of Appeals for the Fifth Circuit has repeatedly recognized, Federal Rule of Criminal Procedure 46(c) and Section 3143(a)(1) impose a burden on a convicted defendant seeking release pending sentencing to show by clear and convincing evidence that she or he is not a flight risk or a danger to the community. *See* 18 U.S.C. § 3143(a)(1); FED. R. CRIM. P. 46(c) ("The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests

with the defendant."); *United States v. Lockett*, 549 F. App'x 269 (mem.), No. 13-11097, 2013 WL 6623771, at *1 (5th Cir. Dec. 17, 2013).

Further, Defendant must meet the conditions of release set forth in Section 3143(a)(2)(A) or 3145(c). Defendant cannot, and does not claim that he can, satisfy the Section 3143(a)(2)(A) showing that there is a substantial likelihood that a motion for acquittal or new trial will be granted or that an attorney for the government has recommended that no sentence of imprisonment be imposed on Defendant. *See* Dkt. No. 76 at 5.

18 U.S.C. § 3145(c) provides that "[a] person subject to detention pursuant to [18 U.S.C. §] 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in [18 U.S.C. §] 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."

As reflected in the Report and Recommendation Concerning Plea of Guilty [Dkt. No. 60], Section 3145(c) provides an alternative basis for pre-sentencing release under "exceptional circumstances," so long as Defendant also makes the required showing under Section 3143(a)(1) and 3143(a)(2)(B) – that is, by clear and convincing evidence that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released under 18 U.S.C. § 3142(b) or 3142(c) pending sentencing. *See United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991).

As Defendant explains in his Motion to Continue Conditions of Release, he requests that the Court allow him to continue on his previously set conditions of release for cause and would show the Court as follows:

….

Mr. Neal is a 41 year old United States citizen with minimal criminal history and strong ties to the community. He was arrested without incident in connection with this case and was brought to Court for his initial appearance on August 27, 2021. Doc. 12. After a discussion between the parties in this case, the Government voluntarily withdrew its motion to detain Mr. Neal, tacitly acknowledging that it did not consider him a risk of flight or danger to the community. Doc. 18. The Court agreed, and set conditions of release for Mr. Neal that included the standard conditions of release in this district. Doc. 18. Mr. Neal was processed and released from custody shortly thereafter.

Since his release from custody approximately 11 months ago, Mr. Neal has been completely compliant with his pre-trial services officer.

After an appropriate evaluation of the case with his counsel., Mr. Neal chose voluntarily to enter a plea of guilty to a Superseding Information in this case charging a violation of Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. 846 and 841(a)(1) and (b)(1)(C). Doc. 43. He caused to be submitted a Plea Agreement and Factual Resume on April 21, 2022. Doc. 45, 47. He then formally pled guilty before Magistrate Ramirez on June 21, 2022 and his plea of guilty was accepted by District Judge Jane Boyle on July 20, 2022. Doc. 68. That acceptance instructed the Magistrate to hold a hearing to determine if the Defendant should be allowed to continue on his conditions of release, and the Magistrate dutifully followed with an electronic order setting a hearing for August 17, 2022. Doc. 75.

….

As Mr. Neal was placed on conditions of release on August 30, 2021, and he has remained completely compliant with those conditions in the eleven months since that time, these actions have already provided the Court with the clear and convincing evidence needed to satisfy 18 U.S.C. § 3143. By way of additional support for that finding, Mr. Neal would submit the following information as to each consideration.

**The Defendant is not a Flight Risk**

As Mr. Neal knows how lucky he is to have a loving and embracing family, he would never flee the jurisdiction. He has been a resident of his life having been raised in the area. Mr. Neal currently lives with his partner of many years and her children who he helps to raise as a step-father – a role he takes very seriously. Mr. Neal's focus since his arrest in this case has been on taking care of his health needs and gaining and maintaining his employment so that he can continue to provide for his family. Though Mr. Neal has relatives nearby in Arkansas and an adult daughter in North Carolina, Mr. Neal's life is here in the metroplex and he would never abandon all that he has here in this community.

Mr. Neal spends much of his free time with his family, fishing and cooking and helping his step-children with their games and various activities. Mr. Neal feels that he has been truly blessed by the family in his life and while he knows that he will most likely be facing a sentence of incarceration for his actions in this case, his hope remains to stay out until his after his sentencing hearing so that he can continue to help raise the children he lives with and help provide for them as best as he can. Attached as Exhibit A to this pleading is a brief letter from his partner Kiaria Crawford attesting to his help and important role in the family. It should be noted that while the original indictment in this case prescribed a mandatory minimum sentence upon his conviction, the plea agreement that he has entered into is for a lesser charge which has no mandatory minimum sentence. In the undersigned's experience, a plea to such a lesser charge is not offered to individuals who the Government feels are a particular danger to society and in many cases, such a lesser plea is never offered making this another factor that distinguishes Mr. Neal from defendants.

When Mr. Neal was first given conditions of release in this case, he did not run or attempt to flee. Instead, he cooperated with his probation officer and has followed all of the Court's instructions. Since that time, he has been on notice of a possible criminal sentence which could lead to him serving years in federal prison, and during that entire time he has remained in this jurisdiction and compliant with his conditions of release. Given these facts, if the Mr. Neal were a flight risk, he would have already fled. However he has not done so because that is not who he is. His life and family are here and intentionally running away from that and giving up his life voluntarily would be a greater punishment for Mr. Neal than

any that could be imposed in this case. He intends to face sentencing in this matter and accept the judgment of the Court as evidenced by his guilty plea.

**The Defendant is not a Danger to Himself or Others**

Though Mr. Neal has some criminal history, most of it is from well over a decade ago and it is anticipated that his pre-sentence report will put him in a lower criminal history category. Today, Mr. Neal is a wiser man who has learned from his mistakes and is no longer a danger to the community. As evidence of this fact in addition to his compliance with his conditions of release, the Court can look to the fact that after dealing with debilitating health problems for several months, Mr. Neal has now obtained employment and is actively seeking more lucrative opportunities to provide for his family while still maintaining his present employment. The pre-trial services officer who is monitoring Mr. Neal is aware of his employment status as is the officer who has been charged with drafting the pre-sentence report in this case.

Though the charge in this case is serious, the conduct of Mr. Neal was at no time a physical danger to the undercover officers in the case or anyone else. Instead, Mr. Neal was a distributor of a small amount of narcotics that was not connected to any violent gang or other larger violent organization. Further, Mr. Neal is not accused of any violence in this case nor is he accused of using a firearm in this case. The forgoing should weigh heavily in favor of finding that Mr. Neal is not a danger to himself or others.

**Mr. Neal Concedes He Cannot Meet the Requirements of 18 U.S.C. §3143(a)(2)(A)**

To satisfy the requirements of 18 U.S.C. § 3143(a)(2)(A), Mr. Neal would either have to make a demonstration to this Court that (1) the Court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted or (2) the Government has recommended that no sentence of imprisonment be imposed on the Defendant. 18 U.S.C. §3143(a)(2)(A)(i) & (ii). Mr. Neal concedes that at this juncture, he cannot make a demonstration of either circumstance to this Court.

**However, Mr. Neal Satisfies the Provisions of 18 U.S.C. §3145(c) and should be Released**

Despite an inability to meet the requirements of 18 U.S.C. §3143(a)(2)(A), Mr. Neal still may be released from his detention under 18 U.S.C. §3143 "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate". 18 U.S.C. §3145(c). While the Fifth Circuit1 has declined to adopt a definition of the term "exceptional reasons", the Second Circuit has offered the working definition of "a unique combination of circumstances giving rise to situations that are out of the ordinary." United States v. DiSomma, 951 F.2d 494, 497 (2nd Cir. 1991). "By adopting the term 'exceptional reasons,' and nothing more, Congress placed broad discretion in the district court to consider all the particular circumstances of the case before it and draw upon its broad 'experience with the mainsprings of human conduct.'" United States v. Garcia, 340 F.3d 1013, 1018 (9th Cir. 2003) (quoting Mozes v. Mozes, 239 F.3d 1067, 1073 (9th Cir. 2001)).

Here, Mr. Neal makes this showing for a number of reasons which act in concert to establish the required exceptional reasons.

Mr. Neal is currently not only compliant with his conditions of release, but he is thriving on them while providing for his family. Rare is it that this Court sees a pre-trial defendant have such a sterling record of compliance ahead of a sentencing hearing. Additionally, Mr. Neal's family continues to stand behind him and provide the foundation that this Court can be assured will make Mr. Neal want to remain in this jurisdiction not only through his sentencing hearing in this matter, but well after his sentence is served.

It is also important that the Defendant have an opportunity to put his affairs in order prior to her sentencing, a significant consideration underlying the authority to release a defendant pending sentencing pursuant to 18 U.S.C. 3143(a)(1). See United States v. Olis, 450 F.3d 583, 586 (5th Cir. 2006). Additionally, Mr. Neal, if continued on release, would have the ability to petition the sentencing court to allow him to self-surrender after sentencing. The Bureau of Prisons maintains a classification system that would afford Mr. Neal a not-insignificant reduction in his security designation point tally for being able to self-surrender.

There is no reason to think that Mr. Neal's continued release would endanger anyone. If Mr. Neal were immediately taken into custody, the

money that he is able to make to provide for his children would cease and this would represent a great hardship that his family would have to endure. While this hardship will happen later when, if as likely, Mr. Neal is sentenced to a term of incarceration, delaying this now would provide the family additional time to prepare and help make a plan to make ends meet and would also give them the benefit of knowing how long the sentence would be so they could plan for not just an absence, but a defined period of time for that absence.

Given the unique circumstances of Mr. Neal's background and case as well as the guidance provided by other courts, Mr. Neal readily meets the qualifications for release pending sentencing in this matter.

Finally, recent academic research by probation officers in New Jersey and published in the Federal Probation Journal has indicated that taking Mr. Neal into custody would statistically reduce his likelihood of receiving a lower sentence either through a downward departure or downward variance. After conducting an analysis based on a sample size of over 11,500 cases, the data showed that for defendants who received downward variances, those detained pre-trial were 49% less likely to receive downward variances at their sentencing headings than those who were given conditions of release. While the existence of the variances is important, so too is the amount of variances that each group received. For those who received variances that were detained, those variances were approximately 26% smaller than defendants who were released pre-trial. Compare this to the percent difference in downward variances between those who are convicted and trial and those who plead guilty which is 8%, and it is clear that the effect of being incarcerated ahead of sentencing is statistically substantial. While the undersigned would acknowledge that this is in and of itself not an individualized factor to consider, this data can be considered in conjunction with the afore mentioned unique circumstances at issue in Mr. Neal's case and can lead the Court to reasonably conclude that exceptional circumstances exist to continue his conditions of release until his sentencing hearing. ….

### The Current Conditions of Release Should be Continued for the Defendant

The Court has already placed Mr. Neal on the standard conditions of release for this offense. Doc. 18. These conditions have ensured both his

return to court as needed as well as ensured that he complies with his pre-trial services officer. These conditions should be extended and continued for the forgoing period until his sentencing hearing and no extra conditions are necessary to achieve the purposes of the statute.

WHEREFORE, PREMISES CONSIDERED the Defendant prays that the Court find that the Defendant is not a risk of flight or a danger to himself or others and that reasonable conditions of release can be set for the Defendant to ensure his appearance at future court settings.

Dkt. No. 76 at 1-8 (footnotes omitted).

The Court finds that Defendant has made the required showing that he is not likely to flee or pose a danger to the safety of any other person or the community if continued on release. Defendant has been compliant with his release conditions and does not appear to be likely to flee or pose a danger to others or the community if he remained on release pending sentencing.

The issue of Defendant's presentencing release therefore turns on whether "it is clearly shown that there are exceptional reasons why [Defendant's] detention [pending sentencing] would not be appropriate." 18 U.S.C. § 3145(c).

The United States Court of Appeals for the Fifth Circuit has explained that the "exceptional reasons" provision "was added to § 3145(c) with the mandatory detention provisions of § 3143(a)(2) and (b)(2) and was apparently designed to provide an avenue for exceptional discretionary relief from those provisions." *Carr*, 947 F.2d at 1240. The United States Court of Appeals for the Second Circuit offers a working definition of "exceptional reasons": "a unique combination of circumstances giving rise to situations

that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). That court also explained that, in assessing reasons proffered as the basis for release under Section 3145(c), "a case by case evaluation is essential." *Id.* The United States Court of Appeals for the Eighth Circuit has similarly explained that "'exceptional' means 'clearly out of the ordinary, uncommon, or rare.'" *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) (citation omitted).

One court has explained that, "to avoid emasculating the mandatory detention statute[,] 'exceptional reasons review is limited to determining whether remanding the defendant to custody until sentencing would be tantamount to subjecting individuals to unjust detention.'" *United States v. Thomas*, No. 10-cr-229, 2010 WL 3323805, at *2 (D.N.J. Aug. 20, 2010) (quoting *United States v. Christman*, 712 F. Supp. 2d 651, 655 (E.D. Ky. 2010)).

District courts in this circuit have noted a variety of circumstances that do not rise to the level of exceptional. *See United States v. Cyrus*, No. 10-0228-04, 2010 WL 5437247, at *1-*2 (W.D. La. Dec. 27, 2010) (need to "secure his home and attend to other personal matters" were not exceptional reasons justifying release pending sentencing); *United States v. Douglas*, 824 F. Supp. 98, 99-100 (N.D. Tex. 1993) (defendant's cooperation with the government that subjected him to potential retaliation by co-defendants and his attempts at rehabilitation did not constitute exceptional reasons); *United States v. Dempsey*, No. 91-098, 1991 WL 255382, at *1-*2

(E.D. La. Nov. 19, 1991) (poor health, emotional and mental problems, and need to properly prepare his business and his family for his long absence were not exceptional circumstances); *United States v. Scott*, No. 1:95-CR-80-1, 1995 WL 723752, at *1-*2 (E.D. Tex. Nov. 22, 1995) (need to assist parent was a purely personal reason that was no more exceptional than those routinely rejected by courts); *see also United States v. Landry*, No. CR 15-32-JWD-SCR, 2015 WL 5202458, at *2-*4 (M.D. La. Sept. 4, 2015); *United States v. Posada*, 109 F. Supp. 3d 911, 912-16 (W.D. Tex. 2015).

The facts that Defendant urges the Court to consider, including his compliance with his conditions of pretrial release and his steady employment and caring for his family, are certainly commendable. But the Court determines – as have many other courts when presented with similar arguments for presentencing release – that Defendant's proffered reasons for continuing his release do not individually give rise to a situation that is out of the ordinary.

And the Court determines that all of the circumstances that Defendant asserts are not, taken together at this point in time, a unique combination of circumstances giving rise to a situation that is out of the ordinary that amount to a situation in which Defendant's detention pending his sentencing hearing would not be appropriate.

## Conclusion

Accordingly, the Court finds that it has not been clearly shown that there are exceptional circumstances under 18 U.S.C. § 3145(c) why Defendant Brandon Neal

should not be detained under 18 U.S.C. § 3143(a)(2), and so Defendant will be detained pending sentencing. It is therefore ORDERED that Defendant Brandon Neal be committed to the custody of the Attorney General and United States Marshal for further proceedings. It is ORDERED that Defendant Brandon Neal, while being so held, be afforded reasonable opportunity for private consultation with counsel.

SO ORDERED.

DATED: August 17, 2022

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE