UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:21-CR-0449-B-1 |
| | § | |
| BRANDON NEAL, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Brandon Neal's Motion for Compassionate Release (Doc. 107). Because Neal has not provided an "extraordinary and compelling" reason and the 18 U.S.C. § 3553(a) factors do not support early release, the Motion is **DENIED WITHOUT PREJUDICE.**

In October 2022, the Court sentenced Neal to eighty-three months of imprisonment and three years of supervised release after he pleaded guilty to possession with intent to distribute a controlled substance. Doc. 93, J., 1–3. Neal, who is now forty-two years old, is serving his sentence at Beaumont Low Federal Correctional Institution. His scheduled release date is April 4, 2028.[1]

Neal has filed a Motion for Compassionate Release with the Court, citing two "extraordinary and compelling" reasons for his release. Doc. 107, Mot. First, Neal contends that his elderly mother, Ida Miles, relies upon Neal and is unable to travel long distances to visit him. *Id.* at 2. Neal says that Miles has various conditions and chronic diagnoses following her treatment for breast cancer. *Id.* And he includes a note from Miles' doctor, which provides, "Due to Ida Miles' chronic medical conditions

---

[1] The Court derives this information from the Bureau of Prisons ("BOP")'s Inmate Locator, available at https://www.bop.gov/inmateloc/ (last visited August 15, 2023).

-1-

she is unable to safely travel long distances to visit her son. If possible I am requesting that he be transferred to a facility closer to Lancaster, Texas, where Mrs. Miles currently resides." *Id.* at 6.

Second, Neal argues that his own medical conditions also provide an "extraordinary and compelling" reason for his release. *See id.* at 2. Neal "suffers from Obesity, Diabetes, Sleep Apnea, [and] High Blood Pressure." *Id.* He also includes documentation regarding the threat of COVID-19. *See id.* at 15–16.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ('BOP')] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (internal citation omitted) (quoting § 3582(c)(1)(A)(i)).

Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. Rather, Congress "delegated that authority to the Sentencing Commission" and directed it to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (internal quotations and alterations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. Section 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family circumstances. *See* § 1B1.13(1)(A) & cmt. n.1. The Fifth Circuit has held that Section 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 393 (citing § 1B1.13). While not binding, Section 1B1.13 and its commentary nonetheless inform the Court's analysis of a prisoner's motion as to what constitutes extraordinary and compelling reasons for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to . . . [Section] 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curiam) (noting that Section 1B1.13 is "not dispositive" but "guid[ing]").

As to family circumstances, the U.S.S.G. commentary provides two instances which rise to the level of "extraordinary and compelling": (1) "The death or incapacitation of the caregiver of the defendant's minor child or minor children" or (2) "The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13 cmt. n.1(C).

And as to medical conditions, the U.S.S.G. commentary directs courts to consider whether the defendant is suffering from a terminal illness or a serious condition that "substantially diminishes the ability of the defendant to provide self-care . . . and from which he or she is not expected to

recover." U.S.S.G. § 1B1.13 cmt. n.1(A).

## III.

## ANALYSIS

*A.   Neal Has Properly Exhausted His Administrative Remedies*

At the threshold, the Court finds that Neal has satisfied the administrative-exhaustion requirement. Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A); *see also United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021) ("[A] prisoner may wait 30 days after filing his request and—whether the BOP has ruled on the request or not—he is free to file a motion in the district court.").

In his Motion, Neal attaches an email sent to the warden requesting a motion for compassionate release on Neal's behalf. Doc. 107, Mot., 5. The request is dated May 5, 2023, and Neal says he never received a response. *Id.* at 1. Accordingly, the Court finds that Neal has adequately satisfied the exhaustion requirement and may properly bring this Motion.

*B.   Neal Has Failed to Demonstrate an Extraordinary and Compelling Reason for Release*

Neal has, however, failed to show an extraordinary and compelling reason for his release based on either his family circumstances or his medical conditions.

1.   Family Circumstances

Beginning with family circumstances, the Court notes at the outset that the guidelines focus only on a defendant's minor children or spouse, and not a defendant's parent. *See* U.S.S.G. § 1B1.13

cmt. n.1(C). Indeed, "courts in this circuit have repeatedly held that caring for a sick and/or aging parent or grandparent is not a qualifying 'family circumstance' under U.S.S.G. § 1B1.13(1)(A)." *See United States v. Lynch*, 2022 WL 2671769, at *5 (E.D. Tex. July 11, 2022) (collecting cases). The unfortunate reality is that "[m]any, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary." *United States v. Ingram*, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019). And in the rare instances where courts have found an extraordinary and compelling circumstance relating to a parent's condition, it was when the defendant was the only available caregiver for an incapacitated parent. *Lynch*, 2022 WL 2671769, at *5; *see also United States v. Hudec*, 2020 WL 4925675, at *5 (S.D. Tex. Aug. 19, 2020) (denying compassionate release where defendant's father was terminally ill but the defendant was not the only available caregiver).

Miles' health conditions make it difficult for her to travel, but it is not clear based on the record that she is incapacitated. *See* Doc. 107, Mot., 6 (attaching a doctor's note that indicates Miles should not "travel long distances"). Nor is it clear that Miles relies on Neal for her caregiving needs, let alone that Neal is the only caregiver in the family. Rather, the Presentence Report suggests that Miles lives with her husband and that Neal's brother lives in the area. *See* Doc. 80-1, Presentence Report, 17. Therefore, even if the Court were to consider Neal's parental circumstances, they do not constitute an extraordinary and compelling reason for release.

And finally, to the extent Neal is seeking transfer to a facility closer to his mother, the Court lacks jurisdiction over such a request. *See* 18 U.S.C. § 3621(b) ("[A] designation of a place of imprisonment under this subsection is not reviewable by any court."); *e.g.*, *United States v. Sanchez*, 2021 WL 3713459, at *7 (S.D. Miss. Aug. 20, 2021), *aff'd*, 2022 WL 1532637 (5th Cir. May 16, 2022) ("[O]nce a sentence is imposed, BOP is clearly solely responsible for determining an inmate's

place of incarceration."). Accordingly, even though Miles' doctor indicated that Miles is unable to travel and requests that Neal be transferred closer to her, that decision is committed exclusively to the BOP.

### 2. Neal's Medical Conditions

As discussed above, Neal also points to his obesity, diabetes, sleep apnea, and high blood pressure as medical conditions necessitating his release. But Neal has not included any evidence of his diagnoses or their severity. And "[i]n the absence of proof of the diagnosis and its degree of severity, the Court cannot conclude that [defendant's] medical conditions qualify as extraordinary or compelling." *See United States v. Aguirre*, 2023 WL 2895647, at *2 (N.D. Tex. Apr. 7, 2023) (Boyle, J.) (internal quotation omitted).

Relatedly, even if the Court were to take Neal at face value regarding his medical conditions, the Court has consistently denied attempts to base an "extraordinary and compelling" reason on bare diagnoses alone. *See, e.g.*, *United States v. Long*, 2021 WL 949757, at *2 (N.D. Tex. Mar. 12, 2021) (Boyle, J.) ("In general, the Court must consider every prisoner individually and should be cautious about making blanket pronouncements about, for example, the propriety of incarceration for all inmates with a certain medical condition.") (internal quotation omitted). This is especially the case where Neal's conditions are seemingly anything but "extraordinary." *See, e.g.*, *United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021) (holding that because "nearly half of the adult population in the United States suffers from hypertension," even when combined with the risk of COVID-19, the court cannot deem that condition "extraordinary"); *United States v. Terry*, 2021 WL 4226053, at *3 (E.D. Tex. Sept. 15, 2021) ("Due to its pervasiveness, obesity cannot be deemed 'extraordinary' in order to merit compassionate release.") (citing *United States v. Harmon*, 834 F.

App'x 101, 101 (5th Cir. 2021) (per curiam)).

C.     *The 18 U.S.C. § 3553(a) Factors Do Not Support Release*

Finally, § 3582(c)(1)(A) also directs the Court to consider the sentencing factors enumerated in § 3553(a). The Court briefly notes that, in addition to a lack of an extraordinary and compelling reason for modification, § 3553(a) also weighs against granting Neal's request for early release. Section 3553(a) requires the Court to consider, among other things, whether a sentence "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense." § 3553(a)(2)(A).

Neal was sentenced less than one year ago for possession with intent to distribute a controlled substance. *See* Doc. 93, J. He is not scheduled for release until April 2028. *See id.*; *supra* note 1. He has therefore served less than twenty percent of his total sentence. Releasing Neal under these circumstances would not "promote respect for the law" or "reflect the seriousness of the offense." *See also United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021) (noting that compassionate release is generally granted only "for defendants who ha[ve] already served the lion's share of their sentences"). Thus, as an independent basis for denial, the Court finds that the § 3553(a) factors do not favor compassionate release.

## IV.

## CONCLUSION

In sum, the Court finds that Neal has not demonstrated an extraordinary and compelling reason for compassionate release and the § 3553(a) factors weigh against such release. The Court therefore **DENIES** Neal's Motion (Doc. 107) **WITHOUT PREJUDICE.**

By denying Neal's Motion without prejudice, the Court permits Neal to file a subsequent

motion for compassionate release in the event he can both (1) satisfy the exhaustion requirement and (2) provide information supporting a finding of extraordinary and compelling reasons for release beyond those asserted in this Motion.

**SO ORDERED.**

**SIGNED: August 18, 2023.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE